PEOPLE *ex rel.* FLEMING *et al. v.* HART.

(*Common Pleas of New York City and County, Special Term.*   July 17, 1890.)

MANDAMUS—STAY OF PROCEEDINGS.

> Where a *mandamus* has been granted to hold an election to fill vacancies in the offices of vestry-men of an incorporated church, and the questions decided in granting the *mandamus* are important and fairly debatable, proceedings under the writ will be stayed until the appeal from the *mandamus* order is decided by the general term; Code Civil Proc. N. Y. § 2089, providing for a stay of proceedings under a writ of *mandamus*.

Application by A. Bloomer Hart for a stay of proceedings under the *mandamus* heretofore granted, (*ante*, 673.)

*Booraem, Hamilton & Beckett*, (*Daniel G. Rollins* and *David Bennett King*, of counsel,) for relators. *Andrew J. Shipman*, (*Charles Blandy*, of counsel,) for respondent.

BOOKSTAVER, J. On the argument of the motion for a stay it was contended that the chief judge had passed upon this question when the *mandamus* proceedings were argued and submitted to him, but there is nothing in the papers to which my attention has been called from which I think it can be fairly inferred that he did pass upon that question. There is certainly nothing to show that he refused to grant a stay. The motion is made under section 2089 of the Code, which provides that the proceedings upon a writ of *mandamus* granted at special term may be stayed, etc. The counsel for the defendant contends that the relators have no standing in court, and cannot maintain the *mandamus* proceedings, for the reason that they had no power to call a special election, and therefore what they did on the 23d of June, 1890, was without jurisdiction and void; that the absence of the rector from the meeting of June 23, 1890, at which the alleged resolution calling for the election was passed, renders it and all proceedings thereunder void; that this court cannot *mandamus* the defendant to join in the call for the special election, nor compel him to give notice of the proposed election; that the relators who passed the resolution were not elected at the election held on April 17, 1890, and therefore do not constitute any part of the vestry by virtue of that election; that the old vestry holds over and continues in office notwithstanding the election of the three relators, because it is impossible, as he claims, to designate the three persons they succeed; that the election of April 17, 1890, being called for the choice of eight vestry-men and two wardens, and there

being a failure to elect that number, the whole of the old vestry hold over; that by reason thereof there is no vacancy to be filled at the proposed new election; that the order granted by the chief judge presents novel questions of law which ought to be determined before the *mandamus* is executed; that the appointment of a referee to supervise the election either conjointly with the rector or to control him in his action, is without authority and unlawful. Some of these questions are of great importance, and are certainly debatable, and I think should be finally determined before any further complications arise respecting the union of the two churches. On a review of this order by the general term and by the court of appeals, if necessary, many of the questions raised by the defendants' counsel can be finally and definitely settled in a much more expeditious manner than if the court compelled the election to proceed at this time, which, I fear, would only lay the foundation for another *quo warranto* action, and involve all parties in further litigation. In my judgment it is to the interest of all parties that proceedings upon the order and *mandamus* granted by the chief judge should be stayed at least until the appeal can be heard and determined by the general term of this court.